UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DOMINIC P THEISEN,

        Plaintiff,

                                    Case No. 25-cv-1270-bhl

v.

AARON DILLMAN, RICHARD WARTENBERG,
SGT LOGAN WILL and DEP JEFFREY VAILE,

        Defendants.

## SCREENING ORDER

On August 22, 2025, Plaintiff Dominic Theisen, proceeding without an attorney, filed a complaint against Aaron Dillman, Richard Wartenberg, Logan Will, and Jeffrey Vaile, alleging violations of federal law. (ECF No. 1.) Theisen has also filed a motion to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Theisen's IFP motion and for the screening of his complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Theisen's IFP application includes information about his finances and is signed under penalty of perjury. (ECF No. 2 at 4.) He represents that he has been unemployed since April 2025 due to a broken arm but previously had monthly income totaling $1100 from Papa John's and Doordash. (*Id.* at 1–2, 4.) He lists monthly expenses totaling $380. (*Id.* at 2–3.) He indicates that he owns a 2007 Dodge Caliber worth approximately $2000 and has $40 in cash or accounts and no other assets. (*Id.* at 3–4.) Based on these sworn assertions, the Court concludes that Theisen lacks sufficient resources to pay the filing fee and will grant his motion to proceed IFP.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward.

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Theisen alleges that he was arrested on April 12, 2025, by two of the defendants, Sergeant Logan Will and Deputy Jeffrey Vaile of the Fond du Lac County Sheriff's Office. (ECF No. 1 at 2.) He alleges that the officers subdued him with an electronic control device and broke his left

arm during the arrest. (*Id.*) Sometime later, Theisen was detained at the county jail, where Defendant Wartenberg held him while Defendant Dillman "forcefully banged [his] head into a table." (*Id.*) Theisen also alleges that he was unable to get a medical appointment for more than two months due to unidentified members of jail staff delaying his treatment and that he ultimately needed two surgeries to fix his broken arm. (*Id.* at 1–2.)

## ANALYSIS

Theisen does not invoke any federal statute or right in his complaint, but it appears that he is attempting to bring claims for civil rights violations under 42 U.S.C. §1983. *See Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (explaining that Section 1983 is the method used when vindicating federal rights). "To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Theisen's complaint is deficient and does not survive screening for several reasons. He describes three incidents that might give rise to a claim, but his complaint does not include sufficient facts to state a claim on any of these theories. He also appears to be trying improperly to bring claims that are not related in the same lawsuit. Accordingly, the Court will dismiss Theisen's first effort but give him the chance, if he wishes, to file an amended complaint addressing the problems identified in this order.

Theisen's primary complaint appears to concern Sergeant Will and Deputy Vaile. He contends they used an electronic control device (i.e., a taser) to subdue him during an arrest, resulting in him breaking his left arm. These allegations suggest that Theisen is attempting to assert a Fourth Amendment excessive force claim against the officers. It is well-established, however, that police officers are entitled to use reasonable force in making a lawful arrest. *Graham*, 490 U.S. at 396. Accordingly, to state an excessive force claim, a plaintiff must allege that the officers' use of force was unreasonable given the circumstances. *See Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016); *see also Lanigan v. Vill. of East Hazel Crest, Ill.*, 110 F.3d 467, 475 (7th Cir. 1997). In judging the reasonableness of an officer's use of force, courts consider factors including "the severity of the crime, whether the arrestee poses an immediate threat to the safety of the officers or others, and whether he or she is actively resisting arrest or attempting to

flee and evade arrest." *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 724 (7th Cir. 2013) (citing *Graham*, 490 U.S. at 396). Although a plaintiff is not required to provide detailed factual allegations, he must provide enough facts for the Court to draw the reasonable inference that the defendants use of force in arresting him was unreasonable. *See Iqbal*, 556 U.S. at 678.

Here, Theisen provides almost no facts about the circumstances of his arrest beyond the date, location, and his resulting injury. (*See* ECF No. 1 at 2.) The absence of facts about the circumstances of the arrest or defendants' use of force precludes this Court from making any reasonable inference that their use of force was unreasonable. Theisen's conclusory assertion that he thinks the force used was unreasonable is insufficient. *See Twombly*, 550 U.S. at 555. Accordingly, as presently drafted, Theisen's complaint lacks sufficient factual allegations to suggest he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).

Theisen also complains about the subsequent delay in providing him medical care for his broken arm, but these allegations similarly lack sufficient detail to state a claim. He alleges that "[t]he jail withheld [him] from getting surgery when [he] needed it, waiting over [two] months after the incident to even get an appointment in orthopedics." (*Id.* at 3.) Allegations concerning jail staff's delay in providing him access to a medical appointment and surgery *might* implicate the Fourteenth Amendment's Due Process Clause. *See Lewis v. Downey*, 581 F.3d 467, 473–74 (7th Cir. 2009) (noting that due process governs claims by pretrial detainees). But Theisen merely alleges that "[t]he jail" generally delayed in securing his medical appointments. (*See* ECF No. 1 at 2–3.) General allegations against nonspecific individuals are insufficient to state a claim. *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Liability is personal. . . . Each defendant is entitled to know what he or she did that is asserted to be wrongful."). To proceed with a denial of medical care claim, Theisen needs to specify the individual defendants who were responsible for denying him care along with the specific actions or inactions each of those individuals took. His complaint lacks this basic information.

Finally, Theisen also makes allegations against Defendants Wartenberg and Dillman, but again his complaint lacks sufficient detail. He alleges that Dillman "forcefully [banged] his head onto a table[]" while Wartenberg restrained him. (ECF No. 1 at 2.) Theisen needs to supply sufficient facts to allow the Court to infer that the restraint and force Wartenberg and Dillman used was unreasonable or in violation of Theisen's rights. *See Williams*, 809 F.3d at 944; *see also Lanigan*, 110 F.3d at 475. Because the complaint does not describe the circumstances of the

incident in any detail, it does not state an excessive force claim against these defendants either. These claims suffer from an additional problem. It is unclear whether these claims are sufficiently related (or even related at all) to the other claims Theisen brings in this action. Federal Rule of Civil Procedure 20 allows parties to be joined as defendants in the same case only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and there is a question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2). Federal Rule of Civil Procedure 18(a) provides that "[a] party asserting a claim . . . may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). While it is not clear from the complaint how long after Theisen's arrest that Wartenberg's and Dillman's alleged actions occurred, his allegations do not suggest their actions were related to his arrest or his broken arm. Accordingly, whether these different defendants used excessive force against Theisen at a later time is a separate issue, both legally and factually, from Sergeant Will's and Deputy Vaile's use of force during his arrest. *See* Fed. R. Civ. P. 20. To the extent Theisen wishes to proceed with these claims in a single lawsuit, he needs to allege facts that show his claims against Wartenberg and Dillman arise out of the same events as his other claims and concern common questions of law or fact. If Theisen's claims against Wartenberg and Dillman do not arise out of the same events as the claims against Vaile, Will, and the currently unnamed jail staff, then he must pursue them in a separate lawsuit. *George*, 507 F.3d at 607; Fed. R. Civ. P. 20.

Because Theisen's complaint does not state a claim against any of the defendants it will be dismissed. The Seventh Circuit has instructed that a *pro se* plaintiff be afforded one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Theisen believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **October 10, 2025**. To cure the deficiencies, Theisen's amended complaint must include sufficient facts describing the circumstances of his arrest to allow the Court to make an inference that Will and Vaile used excessive force. To bring his claim against the "jail," Theisen must name the individuals who delayed his care and what actions or inactions he believes caused that delay. To bring his claim against Wartenberg and Dillman, Theisen must provide facts about the circumstances of their use of force to allow the Court to make a reasonable

inference that the use of force was excessive.  He must also determine if that incident arose out of the same events as his claim against Vail and Will, and if so, allege facts to establish how the claims are connected.  If that incident did not arise from the same events and raise common questions of law or fact with the other claims, then Theisen can bring the unrelated claim in a separate suit against those Defendants.  *See George*, 507 F.3d at 607.

The amended complaint must also include the docket number assigned to this case and must be labeled "Amended Complaint."  It will supersede his prior complaint and must be complete in itself without reference to the original complaint.  *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).  If an amended complaint is not received, the Court will dismiss this case without prejudice for failure to prosecute pursuant to Civil L.R. 41(c).

## CONCLUSION

For the reasons state above,

**IT IS HEREBY ORDERED** that Theisen's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Theisen's Complaint, ECF No. 1, is **DISMISSED without prejudice**.  If Plaintiff wishes to proceed with this lawsuit, he must file an amended complaint on or before **October 10, 2025**.  If the Court does not receive Plaintiff's amended complaint by that date, it will dismiss the case for failure to state a claim and for Plaintiff's failure to prosecute pursuant to Civil Local Rule 41(c).

Dated at Milwaukee, Wisconsin on September 10, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge